UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                         CASE NO. 8:05-cr-481-T-23EAJ

IRENO LUIS DELGADO
_____/

# **FINAL ORDER OF FORFEITURE FOR SUBSTITUTE ASSET**

Pursuant to Rule 32.2(e)(2)(A), Federal Rules of Criminal Procedure, and 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), the United States moves (Doc. 603) for entry of a "Final Order of Forfeiture for Substitute Asset" for the following property in partial satisfaction of the defendant's $118,615.39 forfeiture money judgment.

> The real property, including all improvements thereon and appurtenances thereto, located at 6802 North Armenia Avenue, Tampa, Florida 33604 ("Armenia property"), which is legally described as follows:
>
> > All of Lot 1 and the South 19 feet of Lot 2 and the South 85 feet of the East 20 feet of Lot 21, GROVER ESTATES, Unit 1, according to the map or plat thereof as recorded in Plat Book 22, Page 14, of the Public Records of Hillsborough County, Florida, Less right-of-way for Armenia Avenue.
>
> PIN: A-34-28-18-3GL-000000-00001.0

On December 22, 2006, a forfeiture money judgment for $118,615.39 was entered against Ireno Luis Delgado under 32.2(b)(2), Federal Rules of Criminal Procedure, 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).  (Doc. 425)  On February 16, 2007, a preliminary order of forfeiture for substitute assets was entered for

the subject property.  (Doc. 450).  Both forfeiture orders were made a part of the judgment entered on March 6, 2007.  (Doc. 466)

In accordance with 21 U.S.C. § 853(n), the United States published in the <u>Tampa Tribune</u> notice of the forfeiture on November 14, 21, and 28, 2007.  (Doc. 568).  The publication advised all third-parties with a legal interest in the property to file a petition to adjudicate their interest within thirty days of the final date of publication with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602.

Other than the defendant, whose interest was forfeited to the United States in the Preliminary Order of Forfeiture for Substitute Assets, only (1) the defendant's wife, Carmen Fernandez, (2) SunTrust Bank, successor to Huntington National Bank, (3) PPTS CB Corp., and (4) the Hillsborough County Tax Collector have alleged an interest in the property.  The United States and Carmen Fernandez entered into a settlement agreement (Doc. 561);[*] PPTS CB Corp., advises that the tax certificate for the property has been satisfied (Doc. 522); the United States and the Tax Collector entered into a settlement agreement (Doc. 521); and the United States and SunTrust Bank entered into a settlement agreement (Doc. 601).  No other person has filed a petition or claimed an interest in the property and the time for filing is passed.

---

[*] Fernandez admits that, although the property's title was in her name, she was not a bona fide purchaser for value of the defendant's interest and knew at the time of transfer that the United States had a prior interest in the property.  Fernandez agreed to satisfy by October 31, 2008, the outstanding forfeiture money judgments in this case ($118,615.39) and in Case No. 8:05-cr-533-T-24MAP ($266,703.50), failing which she consented to entry of a final order of forfeiture.  Fernandez failed to sell the property by October 31, 2008, and the United States seized the property on August 16, 2010.

The United States' motion (Doc. 503) is **GRANTED**.  Pursuant to 32.2(e)(2)(A), Federal Rules of Criminal Procedure, and 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), all right, title, and interest in the property is **CONDEMNED** and **FORFEITED** to the United States for disposition according to law, subject to the terms of the settlement agreements with SunTrust Bank and the Hillsborough County Tax Collector.  Clear title to the property vests in the United States.

The United States shall credit towards the defendant's money judgment the net amount realized from disposition of the property and shall file a notice of the amount of the unsatisfied money judgment.

ORDERED in Tampa, Florida, on February 17, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE